## CARPENTER v. CHICAGO, M. & ST. P. RY. CO.

To establish a plea of accord and satisfaction under the statute, it must not only appear that there was an agreement to accept, in full settle-ment of an obligation, something different from or less than that to which one of the parties thereto is entitled, but it must be shown that such agreement has been fully executed, and the obligation extin-guished by the creditor's actual acceptance of the consideration speci-fied in the agreement constituting an accord.

(Syllabus by the Court. Opinion filed Nov. 19, 1895.)

Appeal from circuit court, Spink county. Hon. LORING E. GAFFY, Judge.

Action for damages for killing of stock. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Howard & Walsh,* for appellant.

If one makes another an offer, verbal or written, of a sort implying nothing to be done except to assent or decline, and the other accepts it, adding no qualifications, there is thus con-stituted a mutual consent to the same thing, in other words, a contract. Bishop on Contracts, Ed. of '87, § 322; Vasser v.

Camp, 11 N. Y. 441; 1 Addison Contract, 42; 2 Rice on Evidence, 1012; Taylor v. Ins. Co., 9 How. 390; Eliason v. Henshaw, 4 Wheaton, 228; Trevor v. Wood, 36 N. Y. 307; Parks v. Comstock, 59 Barb. 16; Lawrence v. Railroad, 54 N. W. 797; Patrick v. Bowman, 149 U. S. 811; Fenier v. Stower, 19 N. W. 288; Cobb v. Farree, 38 Ill. 255; Hubbell v. Palmer, 43 N. W. 442; Holcomb v. Stempson, 8 Vt. 141; Babcock v. Hawkins, 23 Vt. 561.

*Sterling & Morris,* for respondent.

The payment of a lesser sum in payment of a greater cannot be any satisfaction of the whole. Prinnell's case, 5 Coke 117; Fellows v. Stevens, 24 Wendell 294; U. S. v. Bothwick, 94 U. S. 53; White v. Kuntz, 107 N. Y. 518; Harriman v. Harriman, 12 Gray 341; Irwin v. Johnson, 36 N. J. 347; Hayes v. Ins. Co., 125 Ill. 626; Jaffray v. Railroad, 11 L. R. 710. An account must be fully executed and the thing to be taken must have been received and accepted in satisfaction, in order to constitute a bar to a recovery. Hoxie v. Lumber, 41 Minn. 548; Simmons v. Oullahan, 75 Cal. 508; McKenzie v. Harrison, 8 L. R. A. 257; Hinkle v. Railroad, 18 N. W. 275; Palmerston v. Huxford, 4 Demo. 166; Slade v. Swedeburg, 58 N. W. 191; Truax v. Miller, 50 N. W. 935.

FULLER, J.   This is an action to recover $50, claimed to be the value of a cow belonging to plaintiff, and alleged to have been killed by the negligence of operators and employes in the management of an engine and train passing upon defendant's line of railway. Defendant entered a plea of accord and satisfaction, and by stipulation at the trial, for a defense to the action, relied solely upon the following undisputed facts found by the court, to whom the case was tried without a jury:   On the 6th day of January, 1894, defendant offered plaintiff $12.50 in full satisfaction of his claim of $50. On the 16th day of the same month and year, plaintiff, by letter addressed and mailed to defendant at Chicago, offered to accept $12.50 in full satis-

faction of his claim, and on the next day addressed and mailed to defendant another letter countermanding his offer of accept. ance; and on the following day, January 18th, he commenced his suit to recover $50. On the 20th day of January, 1894, defendant tendered to plaintiff, in full satisfaction of his $50 claim, $12.50, which plaintiff refused to accept. Upon the foregoing facts, the court concluded, as a matter of law, that there was no accord and satisfaction, and rendered a judgment for $50 against the defendant, and in favor of plaintiff, from which defendant appeals.

The theory upon which the case was presented and tried in the court below was that defendant's original obligation to pay plaintiff $50 had been extinguished by a subsequent agreement upon the part of plaintiff to accept, in full satisfaction thereof, defendant's offer of $12.50; but the undisputed evidence shows, and the court found, that the agreement had never been executed. To establish a plea of accord and satisfaction under the statutory or common law, it must not only appear that there was an agreement to accept, in full settlement of an obligation, something different from or less than that to which one of the parties thereto is entitled, but it must be shown that such agreement has been fully executed, and the obligation extinguished by the creditor's actual acceptance of the consideration specified in the agreement constituting an accord. Comp. Laws, §§ 3483–3485. From the text and note under the title ''Accord and satisfaction,'' in the first volume of Encyclopedia of Practice and Pleading (page 73), we quote the following: ''Accord and satisfaction generally is a good plea in all actions where damages only are to be recovered. * * * An agreement to accept something in satisfaction, accompanied by the delivery or performance of what is so agreed upon, satisfies and discharges his right of action. Such an agreement is called in technical language an 'accord and satisfaction,' and, when completely executed, forms a good defense to an action.'' In the case of Hearn v. Kiehl, 38 Pa. St. 147, it was said that ''it is

not enough that there be a clear agreement and a sufficient consideration, but the accord must be executed. The plea must allege that the matter was accepted in satisfaction. Mere readiness to perform the accord, or a tender of performance, or even a part performance and readiness to perform the rest, will not do." See, also, Young v. Jones, 64 Me. 563; Irwin v. Johnson, 36 N. J. Eq. 347; Harriman v. Harriman, 12 Gray, 341; Jaffray v. Davis (N. Y. App.) 26 N. E, 351; Hoxsie v. Lumber Co., 41 Minn. 548, 43 N. W. 476; Zeimer v. Antisell, 75 Cal. 509, 17 Pac. 642; Burgess v. Manufacturing Co., 79 Me. 266, 9 Atl. 726; Memphis v. Brown, 20 Wall. 289. As respondent's offer to accept appellant's proposition to pay $12.50 in settlement of his $50 claim was countermanded, and the tender of the amount agreed upon was refused, no accord and satisfaction existed. An accord is an agreement to accept something different or less in discharge of a claim or obligation, and there can be no satisfaction until such claim or obligation is extinguished by the actual reception of the amount or thing agreed upon. The judgment of the trial court is affirmed.