## MINNA KLESSIG v. A. O. LEA AND OTHERS.[1]

January 11, 1924.

No. 23,756.

**What rulings on evidence are not reviewable.**
1. Assignments of error not discussed are waived. Rulings relating to admission of evidence concerning facts found in favor of an appellant are not subject to review.

**Equity suit to decree proceeds of sale a trust fund.**
2. The complaint is *held* to state a cause of action in equity to trace into the hands of defendants the fund derived from the sale of plaintiff's lot by the deceased, and have the same adjudged a trust fund belonging to plaintiff.

**Finding sustained.**
3. The finding that none of the proceeds of the lot ever came to the estate of the deceased or into the hands of his heirs or administrator is fully sustained.

**Defendants therefore not liable.**
4. Such being the case, neither the heirs nor the administrator can be held liable in this action.

**Claims against estate not within jurisdiction of district court.**
5. Plaintiff cannot now waive the tort and recover for money had and received, for the probate court has exclusive jurisdiction of claims against the estate of decedents arising under implied or quasi contracts for the payment of money.

**When finding of trial court should not be reversed.**
6. In an action tried to the court, even though it appears that certain important facts were shown by evidence to which technically there might be valid objections, still, if it is clear that such facts exist and can be conclusively established were another trial had, there should not be a reversal.

[1]Reported in 196 N. W. 655.

**Action not one for fraud and deceit.**

7. The complaint and the course of trial do not justify a claim that this is an action to recover damages for fraud and deceit, in which it is not necessary to proceed in the probate court.

Action in the district court for Waseca county against the administrator of the father of plaintiff and his heirs for specific performance of a contract with the father, as stated in the first paragraph of the opinion. The substance of the answer will be found in the second paragraph. The case was tried before Converse, J., who made the findings specified in the third paragraph, and ordered judgment in favor of defendant dismissing the action. From the judgment and the intermediate orders dismissing the action, denying her motion to re-open the case, her motion to amend the findings and conclusions, granting defendants' motion to amend the fourth and ninth findings of fact, and denying her motion for a new trial, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.

*A. W. Johnson,* for respondents.

HOLT, J.

Plaintiff, the daughter of Louis Klessig, deceased, brings this action against the administrator of his estate and his other heirs, alleging in substance that she worked as a farm hand for her father until she was 29 years old; that he agreed to compensate her for such services out of his estate "prior to or at the time of his death;" that pursuant thereto he, in 1912, executed a deed conveying a lot he owned in New Richland to her as grantee, and delivered the deed in escrow to the judge of probate, Charles Spillane, which deed she was to receive upon the death of the grantors therein, her father and mother; that after the death of the mother, in 1918, her father obtained the deed from Spillane without plaintiff's knowledge and sold and conveyed the lot for $4,000 to an innocent purchaser for value; that the proceeds of the sale are now in the hands of defendants and constitute a trust fund "which can be traced and identified as the proceeds of the property of said real estate and constitutes a fund in the hands of said defendants which was substituted for said

real estate so sold to an innocent purchaser." The prayer for relief is that the court specifically enforce the contract, and adjudge plaintiff the owner of the property in the hands of defendants and for such other and further relief as the court sees meet.

The separate answers of the administrator and the heirs alleged that the heirs were not proper parties, and, in addition to a general denial, set forth, as a defense, a former adjudication, in that plaintiff had filed a claim for the same services against the estate of her father, which claim had been disallowed, and such disallowance affirmed on appeal to the district court and this court. In re Estate of Klessig, 153 Minn. 27, 189 N. W. 424.

The court found that pursuant to an understanding between plaintiff and her parents they executed a deed, delivering the same to Charles Spillane, conveying the lot named to plaintiff; that the deed was so delivered to Spillane without reservation, and constituted a full and complete delivery, but possession thereof was to be retained by Spillane until the death of both grantors, after which it was to be given to the plaintiff; that Spillane returned the deed to Louis Klessig after the death of the latter's wife; that thereafter on June 25, 1919, Louis Klessig conveyed the lot to August P. Nelson, which conveyance was duly recorded the same day; that the lot was reasonably worth $4,000; "that the proceeds of said sale are not now and never have been any portion of the estate of said Louis Klessig, and the same are not now and never have been in the hands of the administrator thereof;" and that defendants be dismissed with costs. Plaintiff moved for amended findings, for leave to re-open the case, and for a new trial. The motions were denied and judgment entered from which plaintiff appeals.

There are many assignments of error not discussed either in the brief or oral argument. These must be deemed waived. Others relate to rulings in the admission of evidence as to facts found in favor of appellant, and need not be considered, such, for instance, as that the deed was executed pursuant to an understanding between plaintiff and her parents, which must be inferred, if at all, from the record in the case of In re Estate of Klessig, supra. It may also be stated, in passing, that the refusal of the court to open the case after

the decision was filed cannot be held abuse of judicial discretion.

The appeal, in our opinion, turns on the proposition whether the finding, above quoted, to the effect that the proceeds of the sale to Nelson never came to the hands of defendants, is sustained by the evidence.

There surely is no ground upon which to reverse the judgment in favor of the heirs. No proof whatever was offered to show that any property from Louis Klessig's estate has come to them. The inventory, and that is only in because of the record In re Estate of Klessig offered and received herein, is the sole evidence as to what Klessig left. Therefrom it appears that he owned no real estate, and his personal property consisted of one share of stock in a corporation, valued at $100, and two notes amounting to $3,116.67, executed in 1915, and secured by real estate mortgages. There is no proof nor finding that a decree of distribution has been entered, and, of course, nothing of this personal estate has therefore as yet come into the hands of the heirs. So that under sections 8179 and 8182, G. S. 1913, the next of kin or heirs cannot be sued. Ramstadt v. Thunem, 136 Minn. 222, 161 N. W. 413. Such being the case it is perfectly clear that the heirs are not liable upon any theory.

It is equally true that, conceding the deceased received $4,000 on the sale of the lot, no part thereof has come into the hands of the administrator. No attempt was made to prove that it had. The personal property mentioned, composing the whole of the estate, the deceased had owned for about four years prior to the sale. Hence the consideration for the lot is not to be traced into the personal property; and the finding of the court that none of the proceeds thereof ever became a part of the estate of Louis Klessig or came to the administrator thereof is unassailable.

In reviewing the trial of a cause the appellate court must have some regard for the pleadings and the theory upon which the parties proceeded and could legitimately proceed in the court below. The complaint plainly states an action in equity to lay hold of a fund derived from a sale of plaintiff's property. The action was tried on that theory. The findings were responsive to the issues tendered by the complaint. And there is not a particle of evidence in the

record to dispute the vital finding that none of the proceeds of the sale ever came to the possession of defendants. That should end the case.

But plaintiff contends that the facts alleged may constitute a cause of action for money had and received; that she has waived the tort and claims under a quasi contract. The difficulty is that under that theory of the case the district court was without jurisdiction. The probate court had exclusive jurisdiction of such a claim (sections 7323 and 7326, G. S. 1913).

However, plaintiff also contends this is an action for fraudulent and wrongful conversion or disposition of her property, and that a cause of action for a tort affecting property survives the tort feasor and is not required to be enforced in the probate court. Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583; Clark v. Gates, 84 Minn. 381, 87 N. W. 941. But the complaint contains none of the usual allegations in tort actions. The wrong must be inferred from the mere allegation that Louis Klessig obtained the deed deposited in escrow without the grantee's knowledge and sold the lot. But there was no proof which would require a finding that the sale and disposition of the proceeds were not approved of or acquiesced in by plaintiff. The only testimony on the proposition is this: "Q. Do you know this property in New Richland that your father gave this deed, plaintiff's Exhibit 1, to August P. Nelson? A. I didn't know about it. Q. And do you know about the time he sold it? Do you remember when he sold it? A. No, I don't. Q. How soon after you heard about it? A. Oh, I couldn't recollect." This is all the testimony on the issue of obtaining the deed and selling the property without plaintiff's knowledge or consent. If plaintiff could rest on an implied or, rather, a quasi contract, that is, waive the tort, the proof might well sustain a recovery, because in such an action there would be no need of proving that the sale was to an innocent purchaser. The mere sale of another's property and receipt of the price would create an obligation to pay that price to the owner of the property, should he elect to ratify the sale. But, as before stated, such a position does not help plaintiff, for then the claim could be asserted only in the probate court. We think

the pleadings and the course of trial clearly indicate that this is not an action for damages for fraud and deceit, but one in equity to trace into the hands of defendants trust funds and compel a restoration thereof.

Over the objection that it was incompetent, irrelevant and immaterial, the files and records in In re Estate of Klessig, supra, in the courts below and here, were received in evidence. Probably only the pleadings, findings and judgment therein were admissible on the issue of res judicata tendered by the answer. But insofar as the record contained admissions of plaintiff contradictory of her claims in this action it was admissible. This was a trial to the court, and though some facts appeared by evidence to which technically the objections interposed were valid, still if it clearly appears that such facts will, without doubt, be conclusively established by competent evidence at another trial, there ought not to be a reversal. This refers to the admission made by plaintiff in the other trial that in the last year of his life she received $3,200 from her father, only $500 of which represented money borrowed by him, the balance being either a gift or a reward for the services she claims was the consideration for the conveyance referred to, and also refers to the inventory showing that the only estate left by Louis Klessig was personal property acquired long before the sale of the lot.

In the view we take of the case, as brought and tried, there is no occasion to determine whether the mere introduction of the Nelson deed reciting the receipt of the consideration named therein, and which the court found was the value of the lot, is so conclusive of a sale to an innocent purchaser that the court was required to so find. For the reasons already stated, such a finding would not change the result. Nor need we consider the applicability of the rule of Larson v. Larson, 133 Minn. 452, 158 N. W. 707, and cases therein cited.

The learned trial court was of the opinion that there was little merit in this case. The writer is persuaded that could the dead speak plaintiff would have ventured no claim either in the probate or district court, based on an agreement for compensation for services. It is unthinkable that Louis Klessig, in the disposition of the

lot, sought to grievously cheat or defraud the child he intended to favor. The inference is that she received this favor in the money she admits her father paid her and that this came from the sale of the lot and was substituted therefor.

The judgment is affirmed.