## STATE v. DAVID E. LYNCH.[1]

November 16, 1934.

No. 30,024.

*Paul C. Cooper, Frank E. Dougherty,* and *John W. Flynn,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *M. F. Juhnke,* County Attorney, for the state.

[1] Reported in 257 N. W. 278.

*I. M. OLSEN, Justice.*

Defendant was convicted of the crime of arson in the third degree and appeals from an order denying his motion for a new trial.

■ The verdict is challenged as not sufficiently sustained by the evidence. The crime charged is that defendant set on fire and burned up an automobile, described in the indictment, with intent to destroy the automobile and to prejudice a named insurer thereof. That the automobile was burned, that it was insured, and that the insurance thereon was paid by the insurer, is undisputed. The automobile had been sold to one R. A. McLean by one Emmett Olson, a dealer at Fairmont, Minnesota. The insurance was for the benefit of McLean, the dealer, and a finance company which had financed the sale. The sale was by a usual conditional sales contract. McLean was unable to make his payments under the contract. There is evidence which if believed by the jury would justify its finding beyond a reasonable doubt that, in the situation stated, the defendant, who was then in the employ of Olson, went with McLean on a trip out in the country in a car belonging to Olson, but on some business for McLean; that there was some talk about McLean's inability to pay for his car and his being in default; that defendant then told McLean that the car was well insured and suggested or stated to him that he should burn the car; that defendant would buy some kerosene for that purpose; that they then returned to Fairmont to Olson's garage, where the car in question was being repaired; that defendant then went out and purchased a gasolene can and two gallons of kerosene; that he took the can of kerosene to the car in question and placed it therein; that McLean was not present when the kerosene was bought or placed in the car, but was soon thereafter told by defendant that it had been done; that McLean shortly thereafter took the car out of the garage and drove out to a farm near Comfrey; that on the same evening McLean and another man drove the car out on the highway some distance, poured the kerosene over it, and set it on fire. The car burned up. Defendant was not present and did not directly take any part in the actual burning of the car. Defendant was indicted and tried as a principal in the crime under 2 Mason

Minn. St. 1927, § 9917, providing that one who aids and abets another in the commission of a crime, whether present or absent, and every person who directly or indirectly counsels, encourages, hires, commands, induces, or otherwise procures another to commit a crime, is a principal and shall be indicted and punished as such.

While the evidence noted is covered by the testimony of McLean, who stands as an accomplice, there is corroborating evidence. Defendant admits that he purchased the kerosene and put it on the running board of the car. There is other evidence that he purchased the can at a hardware store. There are other statements by defendant, and other circumstances shown, not necessary here to recite, which corroborate McLean's testimony. We do not overlook defendant's statement and his testimony that he was instructed by his employer, Olson, to tell McLean to burn the car and that, if he did so, he would be released from a chattel mortgage given for the down payment on the car, and that he told McLean that he had been directed by Olson to so tell him; also that Olson gave him the money to buy the kerosene. Olson had died, committed suicide, prior to the trial. There had been other cars burned up. McLean had been convicted on this same charge, and there had been other persons convicted on charges of burning at least one other car. On the whole record, we are satisfied that the verdict is sufficiently sustained by the evidence.

■ Certain portions of the court's charge are urged as being erroneous. The claim made is that these portions of the charge, in effect, directed the jury to find defendant guilty. We cannot so construe the charge. These excerpts from it start out by saying to the jury, in the first paragraph: "If you find from the evidence beyond a reasonable doubt" that defendant did aid and abet in the commission of the crime, in the way stated by the court, which statement was based on evidence presented, then they should find defendant guilty. The next excerpt starts out: "If you are satisfied from the evidence," etc. The third one starts: "If you find," etc. The court further charged the jury:

"The burden of proof is upon the state to prove by competent evidence before you and beyond a reasonable doubt the truth of these essentials in the charge. The defendant is not obliged to disprove them but the state must affirmatively prove them, and that burden remains on the state throughout the trial until the evidence has convinced you and beyond a reasonable doubt this defendant is guilty."

Again the court said:

"If you find after considering all the evidence there remains in your mind a reasonable doubt as to whether the defendant is guilty, or you think the evidence is against a conviction, in either event it would be your duty to return a verdict of not guilty."

Verdict forms, one of guilty and one of not guilty, were then submitted to the jury. The court had clearly pointed out to the jury the essential elements of the crime which the jury must find the state had proved beyond a reasonable doubt. Quite clearly there was no attempt to direct a verdict of guilty and nothing that could convey to the jury any such impression. There is no occasion here to consider the authorities cited to the proposition that the trial court cannot peremptorily or clearly instruct the jury to find defendant guilty in a criminal case.

There is an assignment of error to the court's charge, where the court referred to McLean's testimony as to a statement made by defendant to him, and the court said that the statement claimed to have been made had not been denied, neither had it been proved. As far as the record shows, the statement testified to by McLean was not expressly denied by defendant. There could be no prejudice from the court's reference thereto.

Some reference has been made to the issue of intent. The court charged that one of the essential elements of the crime was an intent on the part of the defendant to prejudice the insurance company by collecting insurance for the fire. The evidence referred to herein was sufficient on that issue. That is the intent required to be proved in this kind of arson. No exception is taken or objection made to the court's charge on the question of intent.

■ A statement by the court in answer to something claimed to have been said by counsel for defendant in his opening statement to the jury is assigned as error. No part of what counsel said to the jury in his opening statement was made a part of the record. From the colloquy between the court and counsel, it may be inferred that the statement objected to had relation to something that counsel expected to prove in reference to what defendant had said to other people as to what Olson had told him in reference to burning cars. The record is too indefinite and incomplete to show any error.

■ Error is assigned on the reception in evidence of exhibit F, a sworn statement made by McLean some months after the fire. Before exhibit F was offered by the state, defendant's counsel had, on cross-examination of McLean, introduced a lengthy record of an examination of the witness, on oath, before deputy fire marshals, wherein the witness denied setting the fire or having any connection therewith. To rebut that evidence, the state then offered exhibit F, a sworn statement made by McLean about ten days later, wherein he admitted setting fire to the car. While technically exhibit F was offered before the state had formally rested its case, it was received by the court to rebut what had been brought out on cross-examination of the witness, and, in the situation shown, was proper for that purpose. McLean being the admitted principal in the crime, the strict rules as to impeaching or contradictory statements made by him should not be applied. The court and jury were entitled to have all relevant evidence bearing on his credibility presented. Sonnesyn v. Hawbaker, 127 Minn. 15, 148 N. W. 476; State Elev. Co. v. G. N. Ry. Co. 133 Minn. 295, 158 N. W. 399; Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N. W. 922; Farmers & M. Nat. Bank v. Przymus, 161 Minn. 85, 200 N. W. 931; Carpenter v. Tri-State T. & T. Co. 169 Minn. 287, 211 N. W. 463. See also Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554.

Order affirmed.