## J. O. SALLBLAD v. OLOF S. BURMAN, *d. b. a.* BURMAN PLUMBING & SUPPLY COMPANY.[1]

November 21, 1947.

No. 34,551.

*David R. Thomas,* for appellant.

*Victor J. Larson,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendant's motion for amended findings or a new trial.

In his action for the foreclosure of a mechanic's lien, plaintiff by his complaint alleged that at the "instance and request" of defendant he had furnished labor and material "of the reasonable value" of $1,155.34 in the rewiring and alteration of electrical lines and equipment of defendant's business building in Minneapolis. In 1945, defendant contracted with plaintiff, an electrical contractor, to perform certain electrical work for an agreed price of $1,200. Plaintiff performed only a portion of the work, and for this he was paid $500. The remainder of the work was to be completed for $700. In January 1946, plaintiff informed defendant that because of increased prices he could not complete the job for that amount. Thereupon the parties entered into a new oral agreement whereby the work was

[1]Reported in 29 N. W. (2d) 673.

to be completed on a "time plus material basis." The present litigation involves a dispute as to the terms of the new agreement. Plaintiff testified that he was to be paid at the rate of $2.35 for each man-hour of labor, plus 20 percent of the total labor cost for supervision, and that defendant should pay him for materials furnished at retail cost. Defendant, however, contends that the agreement was that plaintiff should furnish the materials at wholesale cost, plus 20 percent, and labor at $2.35 per man-hour, plus 5 percent of the labor cost for supervision. The court found the agreement to be on a "cost of material and plus time" basis and determined that the reasonable value of the work and materials was as plaintiff alleged, namely, $1,155.34.

■ At the opening of the trial, defendant objected to the introduction of any evidence and moved for a dismissal on the ground that the complaint failed to allege that defendant promised to pay anything, or upon what basis payment was to be made. The motion was properly denied. Under our code pleading, it is wholly unnecessary, in order to state a cause of action in the form of a common count for work, labor, and materials, to follow the old common-law fiction of alleging a promise to pay. Lufkin v. Harvey, 125 Minn. 458, 147 N. W. 444; 1 Pirsig's Dunnell, Minn. Pleading, §§ 323, 324, 805; 21 Minn. L. Rev. 756.

Defendant then moved that plaintiff be required to elect upon what basis he claimed the labor and materials were furnished, whether on a *quantum meruit* or agreed price. This motion was also properly denied. Although the rule is well established that under a complaint proceeding on a *quantum meruit* or *quantum valebant* count, that is, upon an implied contract to recover the reasonable value, plaintiff may prove and recover on an express contract for a definite price, unless the variance in the particular case misleads defendant to his prejudice,[2] there is no occasion to apply that rule

[2]Northwestern Marble & Tile Co. v. Swenson, 139 Minn. 365, 166 N. W. 406; Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901; see, James E. Carlson, Inc. v. Babler, 144 Minn. 125, 174 N. W. 824; 1 Pirsig's Dunnell, Minn. Pleading, § 370, and cases under note 75.

here. The denial of defendant's motion was correct, for the obvious reason that no express contract establishing an agreed price for the entire job was involved, and there was therefore no variance, although the time-plus-materials agreement provided a basis for the calculation of the ultimate cost. The reasonable value of the job as completed remained to be determined as an issue of fact. Plaintiff alleged the reasonable value to be $1,155.34, and defendant contended that such reasonable value was only $700.

■ Defendant called his son and partner, Gordon S. Burman, to testify to the wholesale cost of the items of material furnished by plaintiff. During the war, Gordon, as a purchasing agent for contractors constructing war plants, had acquired some experience in the purchase of electrical supplies. He admitted, however, that his testimony concerning the cost of the materials was not based on his personal knowledge or observation of the purchase and sale of electrical supplies, but on information he had obtained when, in preparing himself to testify, he had telephoned to various electrical supply concerns to ascertain the cost of the various items. Obviously, his testimony as to market value had no sanction in his personal knowledge or observation, but was based wholly on what others had told him. There was no error in excluding his testimony as hearsay. The trial court primarily determines the qualifications of a witness offered as an expert. Keough v. St. Paul Milk Co. 205 Minn. 96, 116, 285 N. W. 809, 821; 2 Dunnell, Dig. & Supp. § 3335.

No purpose will be served by a detailed review of the evidence, which was in decided conflict. We cannot say that the findings of the trial court are not amply sustained. There is no evidence that the parties used the term "cost plus" time in a narrow or technical sense. Their testimony was in conflict as to how and with what qualification the term had been used, and this conflict was resolved by the trier of fact in favor of plaintiff. In the bill of particulars, we have a charge of $20 for a building permit, when the cost of the one issued in March was only $9.20. The trial court could find, however, with justification that the item included two permits, in that a prior permit had been obtained the preceding November in

connection with the work which was partially completed in 1945.

Plaintiff included an item of seven percent of the labor cost to cover his disbursements for social security, unemployment, and workmen's compensation insurance. Plaintiff was entitled only to the actual cost of these items. It appears that the one percent social security levy was calculated on the two workmen according to the agreed hourly wage scale of $2.35 to be paid by defendant, whereas plaintiff paid these workmen only $1.65 per hour. The difference in the hourly rate between the amount to be paid by defendant and that which the employes actually received was to take care of certain general overhead expenses. The social security overcharge was one percent of the difference between $2.35 and $1.65 per hour for 135 hours, or a net of approximately 95 cents. *De minimis non curat lex.*

The order of the trial court is affirmed.

Affirmed.