## FLOYD HART v. NORTH SIDE FIRESTONE DEALER, INC.[1]

October 26, 1951.

No. 35,520.

*Frank J. Collins,* for appellant.
*J. Russell Carroll,* for respondent.

KNUTSON, JUSTICE.

Appeal from a judgment entered pursuant to a verdict of a jury after trial in municipal court in Hennepin county.

---

[1]Reported in 49 N. W. (2d) 587.

On October 2, 1947, plaintiff purchased from defendant three gallons of a solution sold as an antifreeze commercially known as Permatone. Chemical analysis of this solution shows that it has a mineral base containing 23 percent magnesium chloride, a salt. Two gallons thereof were placed in plaintiff's automobile. The evidence is such that the jury was warranted in finding that the engine in plaintiff's automobile was so badly affected by the action of this antifreeze that it could not be repaired. The automobile was taken to a repair shop, where the engine was removed. Parts which could be used were salvaged, but the main engine block, head, bearings, and other parts were found to be beyond repair. Another block was rebuilt and installed in place of the removed engine. This was not a new engine, but a used block which had been rebuilt. The cost of the replacement, including labor, amounted to $227.54.

The only question presented here is whether the court submitted to the jury the correct rule respecting the measure of damages. Plaintiff's car, at the time he placed the antifreeze in it, was about seven years old and had been driven about 60,000 miles. Defendant contends that the correct measure of damages is the difference in value of the engine before and after the use of the antifreeze. The court instructed the jury as follows:

"The measure of damages is the out-of-pocket expense that plaintiff had, proximately caused by the breach of warranty up to but not exceeding $227.54. If you find that only part of the damage claimed by plaintiff was proximately caused by the breach of warranty, then you can reimburse only the out-of-pocket expense that plaintiff incurred for the damages you so find."

Defendant requested the court to instruct the jury as follows:

"You are hereby instructed that if you find that the damages to Plaintiff's automobile was proximately caused by the negligence of this Defendant, the measure of Plaintiff's damages is not the amount paid for the new motor testified to in this case, but is the market worth and value of the motor contained in Plaintiff's automobile on October 29, 1947, assuming same was damaged beyond repair,

when the Permatone was placed therein, or, in the alternative, such amount as Plaintiff would necessarily have to expend in placing Plaintiff's motor in the same condition, but no better, than the same was in on October 29, 1947."

The rule respecting the measure of damages for harm to chattels adopted by Restatement, Torts, § 928, is stated as follows:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and * * *."

We are committed to the same rule. Engholm v. Northland Transp. Co. 184 Minn. 349, 238 N. W. 795; Kopischke v. C. St. P. M. & O. Ry. Co. 230 Minn. 23, 40 N. W. (2d) 834.

While the instruction of the court may not be a model one, since out-of-pocket money may not always represent the reasonable cost of repair or replacement, no exceptions were taken to the charge, and we believe that it sufficiently states the rule so that it falls within the realm of inadvertent or inaccurate statements which counsel must call to the attention of the court if they wish to urge it here as error. Here, the parts of the engine damaged beyond repair by the destructive action of the solution involved were replaced by other parts necessary to put the engine in workable condition. It may be true that, because of wear that had previously occurred in the removed parts, some of the parts used were worth more than those removed, but that is necessarily always true where a repair or replacement is made. We believe that the evidence here sufficiently establishes the right to recover for a repair or restoration of the damaged automobile within the rule stated above. Defendant contends that, the engine being damaged beyond repair, the rule as to recovery for the difference in value before and after should prevail.

That might be true if only the engine were involved in this litigation; but the engine is only part of an automobile, and if that rule were to be applied it should be applied to the automobile and not to the engine alone. Repair or replacement of parts of the engine which were destroyed by the antifreeze is, after all, only a repair or restoration of the automobile. If defendant's contention were sound, the same rule would have to be applied to each individual part of a chattel which it is necessary to replace or repair in order to restore the whole chattel to its former condition. Of course, that is not the proper application of the rule.

We find no reversible error.

Affirmed.