VICTOR W. BARTL v. CITY OF NEW ULM.[1]

June 24, 1955.

No. 36,373.

[1]Reported in 72 N. W. (2d) 303.

*Victor W. Bartl, pro se,* and *Carl Jensen,* for appellant.
*Mahoney & Mahoney,* for respondent.

DELL, CHIEF JUSTICE.

Action to recover damages to a bulk oil storage plant allegedly caused by defendant's negligence. Plaintiff appeals from a judgment in his favor on the ground that the damages awarded are inadequate.

Plaintiff was the owner of a bulk oil station situated adjacent to the municipal baseball field of the defendant, City of New Ulm. The station consisted of four large oil tanks and other miscellaneous equipment customarily used in the operation of such a plant. Around the edge of the field, which was higher than the adjoining land, was a dike, approximately three to four feet high. On July 8, 9, and 10, 1952, the defendant pumped a large quantity of water onto the field from one of its wells which, for some reason, had developed a foul odor. On July 10 there was some precipitation, and during the evening a portion of the dike around the field slid down upon the plaintiff's oil station causing damage to some of his tanks and equipment. The evidence amply sustains a finding that the defendant was negligent and that such negligence was the proximate cause of plaintiff's damages. These issues are not involved on this appeal, and it is unnecessary, therefore, to discuss the evidence relating to the manner in which the accident occurred. The jury returned a verdict in favor of the plaintiff in the amount of $2,500. A motion for a new trial having been denied, plaintiff appeals "only from that part of said judgment whereby the amount of plaintiff's damages as against said defendant are determined and limited, * * *."[2]

---

[2] Although the plaintiff has failed to comply in several respects with Supreme Court Rule VIII (222 Minn. xxxii) relating to the contents of the appellant's brief, since he is acting as attorney *pro se,* this court is inclined to disregard these defects under the circumstances.

■ Plaintiff's primary contention is that the verdict is insufficient and not justified by the evidence. The measure of damages applicable in the instant case is set forth in Restatement, Torts, § 928:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration *where feasible,* with due allowance for any difference between the original value and the value after repairs, * * *."[3] (Italics supplied.)

As noted in the comment to this section, if it does not reasonably appear economical to repair or replace the damaged chattel, "the damages are the full value of the subject matter at the time of the tort, less the junk value of the remains."[4]

Plaintiff testified that he had acquired three of the tanks in 1934 and the fourth one in 1938 or 1939. The equipment had been idle for approximately four years prior to the accident. Three of the four tanks were damaged by the slide, and there was also some damage to ladders, foundations, and other miscellaneous equipment. Plaintiff testified that the market value of the entire plant before the accident was $16,000, and the value after the damage occurred was $2,000.

Defendant, on the other hand, introduced testimony, through a sales engineer of the Brown Steel Tank Company, that an entirely new plant would cost approximately $5,040. This amount included the cost of the three damaged tanks, new fittings, a new motor, a sheet metal pump house, installation costs of approximately $600, and transportation costs of $250. Not included in this estimate were the costs of restoring the foundations, the catwalk, ladders, and necessary painting. Defendant also introduced testimony concerning

[3] Quoted with approval in Hart v. North Side Firestone Dealer, Inc. 235 Minn. 96, 98, 49 N. W. (2d) 587, 588; Kopischke v. Chicago, St. P. M. & O. Ry. Co. 230 Minn. 23, 31, 40 N. W. (2d) 834, 839; see, 5 Dunnell, Dig. (3 ed.) § 2576a.

[4] Restatement, Torts, § 928, *comment a.*

deterioration and corrosion that had taken place in plaintiff's equipment from which the jury was justified in concluding that the plant was materially depreciated and of far less value than new equipment. This evidence tended to strongly refute plaintiff's estimate of the market value of the equipment immediately prior to the accident.

Considering the depreciation involved, particularly since the equipment had not been in use for several years, we must conclude that the amount of the verdict is not so disproportionate as to warrant our holding that the trial court abused its discretion in refusing to grant a new trial on the ground that the verdict was not justified by the evidence. Nor does the record reveal any passion or prejudice on the part of the jury or otherwise indicate that it did not exert an earnest effort to arrive at a fair verdict on the basis of the evidence before it.

■ Plaintiff, however, contends that the court improperly refused to admit in evidence certain other testimony which would have supported his opinion as to market value. We have carefully examined each of the references to the record made by the plaintiff where error allegedly occurred. Several of these instances involved rulings on evidence pertaining to the cause of the accident. These rulings have no relevancy on the issue of damages and, even if error were committed, plaintiff was not prejudiced since a verdict was rendered in his favor.[5]

Some of the evidence plaintiff sought to introduce concerned the cost of replacement and repair of the damaged tanks. Assuming such testimony to be relevant and material,[6] it was nevertheless properly excluded for other reasons. For example, one of the plaintiff's witnesses, who was engaged in the plumbing business, was asked the cost of three tanks of the same size as those damaged. The witness testified that since the tanks were special equipment he had to

[5]See, Klessig v. Lea, 158 Minn. 14, 196 N. W. 655.

[6]An examination of the record shows that plaintiff elected to proceed under the diminution-in-value theory and not the cost-of-repair theory. Furthermore, where, as it appears in the instant case, the cost of repair or restoration is not economically feasible, it is not the proper measure of damages. Restatement, Torts, § 928, *comment a.*

"acquire quotations" from another source. The trial court sustained defendant's objection that testimony of quotations from this witness would be hearsay. While a standard price list may, under some circumstances, qualify as an exception to the hearsay rule,[7] we are of the opinion that the testimony plaintiff sought to elicit here was properly excluded as hearsay. While it is not necessary that the witness base his opinion on any particular sales which he himself made or observed,[8] his knowledge must be the result of observations he has made or has become aware of in the course of his business.[9] Thus, we have held that an estimate of value of property from a witness other than the owner based solely on price quotations obtained by means of a special inquiry constituted hearsay and was not admissible.[10] Similarly, the witness here admitted that his rejected opinion as to value was based on a special inquiry.

In other instances testimony as to cost of repair was excluded, and properly so, because of a complete lack of foundation. No useful purpose would be served in analyzing the many other rulings on evidence which have been challenged here. Not only must evidence be "helpful," as plaintiff contends, but it must be legally competent as well.

▪ Plaintiff further contends that the court erred in refusing to direct a verdict for the plaintiff on the ground that defendant was negligent as a matter of law. While the record fails to disclose that such a motion was made, even if we were to assume that it was made and erroneously denied, the verdict in favor of the plaintiff rendered the error harmless.[11]

▪ Plaintiff also assigns as error the trial court's instruction to the jury as follows:

"* * * You should not take as true any statement made by either counsel for the defendant or counsel for the plaintiff unless such

[7] 6 Wigmore, Evidence (3 ed.) § 1704.

[8] Hoxsie v. Empire Lbr. Co. 41 Minn. 548, 43 N. W. 476.

[9] See cases collected in 3 Wigmore, Evidence (3 ed.) § 719, note 2.

[10] Sallblad v. Burman, 225 Minn. 104, 29 N. W. (2d) 673.

[11] 5 C. J. S., Appeal and Error, § 1758; see, 1 Dunnell, Dig. (3 ed.) § 416.

statement coincides with your recollection of the testimony as you remember it.

"I might say that in plaintiff's argument to the jury there were a number of misstatements of fact made which may have been made inadvertently by Mr. Jensen. You must remember that you are to disregard any statements made by Mr. Jensen in his argument to you that do not coincide with your recollection as to what the testimony is."

The trial court is under a duty to supervise the conduct of a trial in order that substantial justice is afforded the litigant.[12] If counsel made inadvertent misstatements of fact in his argument, it was clearly permissible for the trial court, in its discretion, to correct any erroneous impression which the jury might gain therefrom.[13] The record does not contain the closing arguments and fails to disclose any request by plaintiff's counsel that the court point out wherein the facts as he stated them were in error. At the close of the instructions the following took place:

"[COURT:] Are there any exceptions?

"MR. JENSEN: Plaintiff excepts to the statement directed to plaintiff's counsel misstating the facts.

"MR. GISLASON: I have no exceptions, Your Honor."

The burden is on the appellant to make an adequate record and preserve it in a settled case to enable us to review the questions he desires to raise on appeal.[14] Error cannot be presumed.[15] Inasmuch as the record here does not contain sufficient facts from which we can determine whether, under the circumstances, the cautionary instruction was justified, we are compelled to hold that the instruction did not constitute error.

---

[12]See, Timm v. Schneider, 203 Minn. 1, 8, 279 N. W. 754, 757; Jovaag v. O'Donnell, 189 Minn. 315, 249 N. W. 676; 6 Dunnell, Dig. & Supp. § 9706.

[13]See, 88 C. J. S., Trial, §§ 294, 321; 6 Dunnell, Dig. & Supp. § 9789.

[14]Cf. State v. Lynch, 192 Minn. 534, 538, 257 N. W. 278, 280; 1 Dunnell, Dig. (3 ed.) § 342.

[15]See, 4 C. J. S., Appeal and Error, § 709.

Plaintiff's other assignments of error, although inaccurately and, in many instances, insufficiently stated under our rules, have been carefully examined. We conclude that they are without merit and are not of sufficient importance as to require discussion.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I feel that the court's instruction that there had been misstatements of fact in the argument of plaintiff's counsel, without further explanation thereof, was prejudicial to plaintiff's cause. As a result thereof, the jury may have lost confidence in plaintiff's claims and minimized his loss. The exception thereto noted would seem to have been adequate to authorize an assignment of error on this question.

[1]Reported in 72 N. W. (2d) 376.