DAVID O'CONNOR v. CHARLES SCHWARTZ
AND ANOTHER.
AMERICAN MOTORISTS INSURANCE
COMPANY, APPELLANT.

229 N. W. 2d 511.

May 16, 1975—No. 45063.

*Lasley, Gaughan, Reid & Stich* and *Robert T. Stich,* for appellant.

ROGOSHESKE, JUSTICE.

Plaintiff's 1967 Buick, when returned from the custody and control of defendant Charles Schwartz after body and painting repairs, was mechanically damaged. He sought recovery from Schwartz upon allegations of bailment, negligence, and intentional tort. He also sought recovery under the comprehensive-loss provisions of an automobile insurance policy issued to him by defendant American Motorists Insurance Company. Schwartz neither answered nor appeared, and after trial to the court, a judgment by default was entered against him. Upon findings of coverage, a judgment was also entered jointly and severally against defendant insurance company. Upon defendant insurance company's appeal, two issues are raised: (1) Whether plaintiff's loss is included within the coverage of the insurance policy, and (2) whether a proper measure of damages was applied. We affirm liability but remand for reassessment of the amount awarded plaintiff.

At the time Schwartz received the automobile, as the unrefuted evidence establishes, it was in perfect operating condition. When returned, its engine became frozen up, the pistons were "seized" to the block, at least a third of the rings were cracked, the muffler and exhaust were bent, and mud and dirt were found on the underside hanging "fresh over the new paint." The auto mechanic testifying in plaintiff's behalf, who had "tuned" the engine and delivered possession to Schwartz and had thereafter repaired the mechanical damage, expressed the opinion that the damage resulted from extreme overheating without sufficient or proper lubrication, apparently when someone unknown drove the automobile into deep mud and raced the engine "trying to get it out." He added it was rare to see an automobile engine in that condition. The court, in its findings, characterized the cause of the damage as "malicious mischief and vandalism" occurring during unauthorized use of the automobile while it was in defendant Schwartz' possession and control. Defendant insurance company submitted no direct evidence.

The governing provisions of defendant's insurance policy are:

"Coverage E

(1)  To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, or colliding with a bird or animal, shall not be deemed to be loss caused by collision.

\* \* \* \* \*

"Exclusions

"This policy does not apply under Part III:

\* \* \* \* \*

(e)  to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy."

Defendant insurance company, as we understand, argues that the evidence is insufficient to support the trial court's findings of the cause of the damage, since the mechanic's opinion amounts to no more than rank speculation, and that therefore the court was compelled to find that the damage was a "mechanical \* \* \* breakdown or failure" expressly excluded from coverage. We disagree.

It is undisputed that the loss was "caused other than by collision." Plaintiff's right to recover under Coverage E of the policy was thus prima facie established unless defendant insurance company sustained its burden to prove its affirmative defense that the loss was due to mechanical "breakdown or failure." Anderson v. Connecticut Fire Ins. Co. 231 Minn. 469, 43 N. W. 2d 807 (1950); Boedigheimer v. Taylor, 287 Minn. 323, 178 N. W. 2d 610 (1970). Without appraising the evidentiary support for the court's finding of the cause of the damage which plaintiff undertook to prove, a finding of "damage which is due and confined to wear and tear, \* \* \* mechanical \* \* \* breakdown or failure" not only would be unsupported by the evidence

but tends to be refuted by the mechanic's factual testimony concerning the repairs and replacements he was required to make. Thus we are compelled to affirm defendant insurance company's liability because it wholly failed to sustain its burden of proof.

However, its challenge of the amount awarded appears to be valid. Plaintiff chose to prove the amount of his loss as equal to $1,092.90, the reasonable cost of repairs, despite uncontroverted testimony that after its repair the engine was mechanically as good as new. In Hart v. North Side Firestone Dealer, Inc. 235 Minn. 96, 49 N. W. 2d 587 (1951), and Bartl v. City of New Ulm, 245 Minn. 148, 72 N. W. 2d 303 (1955), we adopted and applied Restatement, Torts, § 928, as the measure of damages:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, * * *."

Since no due allowance appears to have been made for the vehicle's increased market value after its repair, the court should, upon such further evidence as the parties may desire to submit, reassess the amount of plaintiff's loss.

Remanded.

SCOTT, JUSTICE (concurring specially).

Although I agree that there is coverage under the insurance policy, I can neither accept the trial court's characterization of the damage to plaintiff's car as "malicious mischief and vandalism" nor the majority opinion's construction of the "mechanical breakdown" exclusion.

Both vandalism and malicious mischief, as popularly understood and in the legal sense, have always been considered as acts

intended to damage or destroy property.[1] The facts of this case simply do not support a finding of vandalism or malicious mischief under such a definition.

The event precipitating the damage to plaintiff's automobile, the attempt to free the car from mud, is not an infrequent occurrence in this climate. Nor is damage to an overheated engine an unusual result of a prolonged effort at such extrication. It seems clear that this type of damage to an automobile engine is mechanical breakdown as that term is commonly interpreted. However, the majority opinion seems to say that because the damage to plaintiff's automobile engine was unusually severe, the mechanical breakdown exclusion is inapplicable. Thus, in effect, the majority opinion has interpreted "mechanical breakdown" to mean "mechanical breakdown that is not unusual." I cannot acquiesce in that construction.

The trial court found: "While the car was in Defendant Schwartz's custody and control, some unknown person or persons drove the said car without Plaintiff's permission." The trial court also found that the damage was incurred during this unauthorized use. Such unauthorized use is theft under Minn. St. 609.55, subd. 2.

The exclusions to the comprehensive coverage of plaintiff's automobile insurance policy, including that for mechanical breakdown, do not apply to damage that results from a theft. I would affirm the trial court's finding of coverage on this basis.

KELLY, JUSTICE (concurring specially).

I join in the concurring opinion of Mr. Justice Scott.

TODD, JUSTICE (concurring specially).

I join in the concurring opinion of Mr. Justice Scott.

---

[1] See, generally, 7 Am. Jur. 2d, Automobile Insurance, § 75; Annotation, 23 A. L. R. 3d 1259.