**WASECA SAND & GRAVEL, INC., Respondent,**

v.

**David Lloyd OLSON, et al., Appellants.**

**No. C5–85–1101.**

Court of Appeals of Minnesota.

Dec. 31, 1985.

Phillip A. Kohl, Christian, Slen, Savel-koul, Johnson, Broberg & Kohl, Albert Lea, for respondent.

Scott V. Kelly, Farrish, Johnson, Masch-ka & Hottinger, Mankato, for appellants.

Heard, considered and decided by POPO-VICH, C.J., RANDALL and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying appellants' motion for a new trial. Appellants claim (1) evidence of respondent's collision insurance coverage is admissible for impeachment purposes, (2) the correct measure of damages is the repair cost, (3) the jury should have been instructed regarding respondent's duty to mitigate damages, and (4) expert testimony was improperly admitted where the experts were not competent nor qualified to testify and their testimony was speculative and conjectural. We affirm.

## FACTS

In September 1980, respondent Waseca Sand and Gravel, Inc. purchased a new ready-mix cement truck. The unit consisted of a cement mixer manufactured by McNeilus Truck and Manufacturing, Inc. (MTM) mounted on a new 1979 Ford truck. Respondent purchased the truck from MTM for $44,900. On September 9, 1981, Richard Johnson, respondent's sole shareholder, was driving the truck on Highway 13 when hit from behind by a semi truck owned by appellant Stevens County Implement Co. and driven by appellant David Lloyd Olson.

On September 10, 1981, Johnson contacted Pat Bartlett, MTM manager of central parts and purchasing, in Dodge Center, Minnesota. On September 21, 1981, Bartlett, after having inspected the truck, wrote Johnson recommending the existing mixer not be repaired, but suggesting a new mixer be installed. He supplied a quote of $14,955. Bartlett claimed no expertise as to the Ford truck and expressed no opinion regarding its repair.

After Bartlett's inspection, Johnson had the truck towed to Boyer Truck and Equipment, Inc. in Eagan where two estimates were made. The first estimate was $9045 for truck repair and repair of existing mixer. The second estimate was $19,991 for truck repair and installation of a new mixer assembly.

Two other estimates were prepared. Robert Lysholm, owner of Nordic Appraisers, estimated repair of the truck and mixer at $7266. He did not make an internal inspection and left open inspection and repair costs for the gear box, the drive line, and the clutch. Bud Meyer, owner of Minnesota Auto Damage Appraisers, Inc., estimated repair of the truck and mixer at $7680. Meyer also did not consider internal repairs.

Respondent was unable financially to repair the ready-mix truck because it was losing money and it could not obtain further credit from its bank. At the time of the accident, respondent was insured by Continental Western Insurance Company. Continental Western arranged the Lysholm and Meyer estimates, and based on those sent respondent a settlement check for $7180 on November 25, 1981 ($7680 less $500 deductible). Believing the cost of repair to be greater, respondent rejected the

offer and returned the check to Continental Western on January 18, 1982.

Respondent made a pretrial motion in limine to prevent reference to respondent's insurance coverage. The motion was granted.

Trial was held in November 1984, respondent seeking $56,650 for general and special damages for truck damage, storage and rental costs and loss of profit, and $50,000 for punitive damages. William Sykes, general manager of O'Neal Truck and Equipment Co. in Jonesboro, Arkansas, testified through deposition respondent's truck was worth $44,000 before the accident and $20,000 after the accident and there was evidence of other damages as well. The jury returned an award for respondent of $40,000. Judgment was entered on January 15, 1985. Denial of appellants' motion for a new trial was filed on April 24, 1985. On April 25, 1985, appellants moved for reconsideration after this court's decision in *Danielson v. Johnson*, 366 N.W.2d 309 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. June 24, 1985). On June 5, 1985, notice of appeal was filed. On June 24, 1985, the trial court denied appellants' reconsideration motion.

## ISSUES

1. Did the trial court abuse its discretion in excluding evidence of respondent's collision insurance coverage?

2. Did the trial court properly instruct the jury regarding damages?

3. Did appellants properly preserve their right to challenge expert witness testimony?

## ANALYSIS

1. Appellants claim evidence of Continental Western's settlement offer should have been received to show respondent did have money available for payment of truck repairs and therefore could have mitigated damages. Johnson testified funds were not available because respondent was operating at a loss and was unable to obtain additional credit. Appellants sought to use evidence of the settlement offer to impeach Johnson's statement.

We reviewed a similar issue in *Clark v. Johnson Brothers Construction*, 370 N.W.2d 896 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Sept. 19, 1985). There defendant referred to plaintiff's insurance coverage to impeach plaintiff's statement he could not afford cosmetic surgery after an automobile accident. We stated that issue was irrelevant to determination of defendant's liability and reversed the trial court's receipt of evidence of insurance coverage:

> Evidence of insurance is admissible under limited circumstances.
>
> [T]he rule we have followed, as shown by our case law, is that the existence of insurance in a case such as this may not be shown to defeat or diminish recovery, but, if it becomes relevant to prove or rebut an issue arising in the trial of the case, it may be admissible even though it is prejudicial.

*Wilson v. Home Gas Company, Inc.*, 267 Minn. 162, 168, 125 N.W.2d 725, 729 (1964). *Wilson* held evidence of insurance was admissible where the plaintiff claimed traumatic mental depression resulting from his belief he was not covered by insurance. *Id.* at 167, 125 N.W.2d at 729. Likewise, in *Danielson v. Johnson*, 366 N.W.2d 309 (Minn.Ct.App.1985), we held inquiry regarding a plaintiff's health insurance was proper to impeach his statement that he did not go to the doctor because he could not afford treatment. *Id.* at 315. In *Danielson*, however, the impeachment was proper because one of the issues in the case was whether the plaintiff actually suffered soft tissue injuries. *Id.* at 312.

In this matter, the fact that appellant suffered facial scars was undisputed. The reason appellant had not received cosmetic surgery was not related to any fact of consequence to the determination of the action. *See* Minn.R.Evid. 401. We believe trial counsel referred to appellant's health insurance coverage solely to reduce damages by showing appel-

lant had insurance. Likewise, the trial court refused to give a limiting instruction to the jury. Under these circumstances, defense counsel's repeated references to insurance were irrelevant and highly prejudicial.

*Id.* at 899–900.

■ Here, liability is not an issue; injury and fault have been stipulated. Evidence of insurance would serve only to reduce damages and therefore is irrelevant.

■ Even if evidence of insurance was relevant, appellants could not impeach Johnson because his statement was accurate. *See State v. Vance,* 254 N.W.2d 353, 358 (Minn.1977). The settlement offer was not available for respondent's use because respondent did not accept the insurance company's check. Respondent did not have an obligation to accept settlement payment it in good faith thought was inadequate. The trial court did not abuse its discretion in excluding this evidence.

■ 2. Appellants claim the trial court erred by instructing the jury the correct measure of damages was the difference in fair market value before and after the collision instead of the reasonable cost of repair. An injured party may choose between those damages. *Hart v. North Side Firestone Dealer, Inc.,* 235 Minn. 96, 98, 49 N.W.2d 587, 588 (1951); *see* Restatement (Second) of Torts § 928 (1979).

Appellants claim respondent's election was not clear. The trial transcript indicates the contrary. Respondent clearly selected difference in fair market value as its measure of damages.

Appellants also claim the trial court erred by not expressly instructing the jury regarding mitigation of damages. Appellants requested an instruction based on JIG II 186–S as follows:

> Waseca Sand & Gravel, Inc.'s damages for harm to its property should not include any loss which Waseca Sand & Gravel, Inc. could have prevented by reasonable care and diligence.

The Minnesota Supreme Court has stated:

> [T]he charge of the trial court must be viewed in its entirety and from a practical and commonsense point of view. The trial court is allowed considerable latitude in the language used, and a new trial will not be granted where requested instructions are refused when the general charge fairly and correctly states the applicable law. All that is required is that the charge as a whole convey to the jury a clear and correct understanding of the law. It is unnecessary that every possible opportunity for misapprehension be guarded against. If the charge fairly lays down the law of the case, it is sufficient. Usually it is preferable to give a general charge, if practicable, upon the whole law of the case rather than to run the risk of overemphasizing one side of the case or confusing the jury as is often done by giving requested instructions or particularizing upon specific items.

*Cameron v. Evans,* 241 Minn. 200, 208–09, 62 N.W.2d 793, 798–99 (1954) (footnotes omitted).

■ The jury was instructed respondent was "required to exercise reasonable judgment" in curing the property damage and respondent should only be compensated "during the time reasonably necessary to effect a cure." The instruction sufficiently conveyed respondent's obligation to mitigate damages and was not misleading to the jury.

■ 3. Appellants claim the expert testimony of Pat Bartlett and William Sykes was inadmissible because neither expert was competent nor qualified and their opinions were speculative and conjectural. Appellants made these objections at trial, but did not raise the issue in their motion for new trial from which this appeal is made. The Minnesota Supreme Court has stated, "Objections to evidentiary rulings which are not assigned as error in a motion for a new trial are not reviewable by this court on appeal from judgment." *Larson v. Independent School District No. 314,* 289 N.W.2d 112, 118 n. 12 (Minn.1979). We have held evidentiary rulings are not reviewable where error is not alleged in a

motion for new trial even though timely objection was made at trial. *Sauter v. Wasemiller*, 364 N.W.2d 833, 835 (Minn.Ct. App.1985), *pet. for rev. granted*, (Minn. June 14, 1985). We will not reach appellants' contention here.

### DECISION

The trial court did not abuse its discretion in not receiving evidence of respondent's collision insurance. Jury instructions given were proper. Review can only be made of those evidentiary issues raised in a motion for a new trial.

Affirmed.