EQUITABLE TRUST CO. OF NEW YORK v. VANDERBILT
REALTY IMPROVEMENT CO. et al.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1913.)

1. BANKRUPTCY (§§ 260, 262*)—JUDGMENT—COLLATERAL ATTACK.

A bankruptcy court is not without jurisdiction to order property sold free of liens, they to be transferred to the proceeds, though the amount of the liens exceed the value of the property; so that the judgment doing so is not subject to collateral attack, but must be appealed from for error or abuse of discretion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 358, 359, 360, 363–365; Dec. Dig. §§ 260, 262.*]

2. BANKRUPTCY (§ 261*)—JURISDICTION—NOTICE TO TRUSTEE IN TRUST DEED.

To give the bankruptcy court jurisdiction of the holders of bonds secured by a trust mortgage, so as to make binding on them its judgment for sale of the property free of the lien of the mortgage, notice to the trustee in the mortgage is enough; he having right to represent them in suits affecting the security.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. § 261.*]

Appeal from Special Term, Monroe County.

Action by the Equitable Trust Company of New York against the Vanderbilt Realty Improvement Company and others. From a judgment dismissing the complaint on the merits, after a trial before the court at Special Term, plaintiff appeals. Affirmed.

The action was commenced on the 7th day of November, 1912, to foreclose two trust mortgages given by the defendant Vanderbilt Realty Improvement Company to the Trust Company of America, which latter company has been merged with the plaintiff, which has assumed the duties and obligations of trustee under the trust mortgages. The property covered by the mortgages consisted of some 800 vacant lots and 10 or 11 houses located in Monroe county.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Havens & Havens, of Rochester, for appellant.
Clarence W. McKay, of Rochester, for respondents.

McLENNAN, P. J. The answers admit the execution and delivery of the mortgages as alleged in the complaint, and that there is due thereon the sum of $520,000 principal and about $39,000 of interest. The sole defense alleged is that the defendant mortgagor had been adjudicated a bankrupt prior to the commencement of this action, and that the sale of the mortgaged premises has been had free

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the lien of said mortgages, pursuant to an order of the bankruptcy court, whereby the lien of the mortgages was directed to be transferred to the proceeds of the sale; that the premises were purchased at such sale by the defendant Davis for the sum of $4,000; and that the lien of the plaintiff's mortgages has been transferred to such sum of $4,000. The plaintiff was a party to the proceedings in bankruptcy court, and appeared therein by its attorney and objected to the making of the order for the sale of the mortgaged premises free of the lien of the trust mortgages. Ten days' notice by mail of the application for the order directing the sale was also given, as prescribed by the Bankruptcy Law, to all known creditors and all known bondholders under the mortgages described in the complaint, and such notice was also published 10 days prior to the application in a newspaper published in Monroe county. Notice of said sale was published in said county once each week for 6 successive weeks preceding the sale, was posted in three public places in the city of Rochester and in three public places in the village of East Rochester, where the property is located, more than 42 days prior to the sale, and also served by mail upon all the known bondholders. There were liens upon the property prior to the lien held by the plaintiff, amounting to about $93,000, and the sale in bankruptcy court was ordered to be made subject to such prior liens. At the time of the application for and the making of such order the mortgaged property was insufficient in value to pay the outstanding bonds secured by the trust mortgages.

[1] It is urged by appellant that the bankruptcy court had no jurisdiction to order a sale free from liens, when it appeared that the liens exceeded the value of the property, and that in any event the bankruptcy court was without jurisdiction to make the order of sale, because the individual bondholders, for whose benefit the trust mortgages were given, were not personally served with notice of the application to sell free from such liens. The power of the bankruptcy court to sell the mortgaged premises free from the lien of plaintiff's mortgages, and to transfer the lien to the proceeds of the sale, was discretionary. "It is not a question of jurisdiction or of right, but of discretion. The fact which determines the exercise of this discretion is whether or not the general creditors of the bankrupt have any interest to be promoted by it. If it appears to the court that the liens are valid, and that they exceed in value the real estate incumbered by them, there can be no reason for the exercise of the powers of the bankrupt court." In re Dillard, 7 Fed. Cas. 703, 2 Hughes, 190. See, also, In re Cogley (D. C.) 5 Am. Bankr. Rep. 731, 107 Fed. 73. The judgment of the bankruptcy court is not, therefore, subject to collateral attack in this action upon that ground. However erroneous the judgment may have been, or however grave may have been the abuse of discretion in ordering the sale, plaintiff's only remedy to correct it was by an appeal from the order.

[2] The only remaining question is whether the bankruptcy court obtained jurisdiction of the parties, so as to render the judgment binding upon the individual bondholders, who did not receive personal notice of the application for the order of sale free from liens. The

140 N.Y.S.—64

bonds were payable to the bearer, or the registered holder thereof. Practically none of the bonds issued were registered. Proper notice was given to all such as were registered. We think the correct rule as to the right of the trustee to represent the bondholders in such cases in all suits affecting the mortgage security is correctly stated in section 294 of Jones on Corporate Bonds and Mortgages (3d Ed.), as follows:

"The rule of chancery pleading, which allows some parties to sue or be sued in behalf of all, where their right is the same and their number is so large as to render it difficult to bring them all before the court, is especially applicable in all suits for the foreclosure of railroad mortgages. Such mortgages are almost invariably made to trustees; and ordinarily the trustees represent the bondholders in all matters of litigation respecting their common and general rights. Whether they are plaintiffs seeking a foreclosure, or as subsequent mortgagees are made defendants, they represent the bondholders for whom the trusts are held, and a decree is ordinarily as binding on such bondholders as if they had been made parties. The bondholders are in such case quasi parties to the suit, and have the right at any time to intervene and become actual parties. They may come in under the decree and take the benefit of it, or, so long as the proceedings are not definitely closed, they may obtain a hearing, and show the proceedings to be erroneous."

If the plaintiff were a mere depositary, there might be presented a different question. Daniel, Neg. Inst. (4th Ed.) § 1181a; Sherwood v. Roys, 14 Pick. (Mass.) 172; Atlantic Trust Co. v. Crystal Water Co., 72 App. Div. 539, 76 N. Y. Supp. 647. But here the plaintiff is the trustee for the bondholders, and is charged with certain duties to perform. It has the right to declare the whole of the principal sum due, and to institute foreclosure upon default in payment of any installment of interest or principal. We are of the opinion that it was charged with the duty, and had the right, to represent the bondholders in the bankruptcy court, and that the judgment of that court is binding upon the bondholders. It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.