## HERMAN HALVORSON v. ABE GEURKINK, ALSO KNOWN AS ABRAHAM GEURKINK, AND OTHERS.[1]

February 6, 1953.

No. 35,846.

---

[1]Reported in 56 N. W. (2d) 793.

372

*Drake, Drake & Schreiner,* for appellant.

*Nyquist & Nyquist,* for respondents E. William Erickson and Rhoda M. Rolien.

*Fowler, Youngquist, Furber, Taney & Johnson,* for respondents Geurkinks, A. P. Sell, Irene Johnson, and John Jirasek.

CHRISTIANSON, JUSTICE.

Plaintiff brought this action to recover damages for the conversion of funds and the sale and delivery of forged instruments against the representatives of the estate of Guy E. Rolien, deceased, and against the other named defendants as partners of Guy E. Rolien. At the conclusion of all the testimony the trial court granted defendants' motions to dismiss the action on the merits as to each of them. Plaintiff appeals from an order denying his motion to vacate the order of dismissal and for a new trial.

The pertinent facts are as follows: Guy E. Rolien had operated the G. E. Rolien Insurance Agency, hereinafter referred to as the

Agency, in Milaca, Minnesota, for more than ten years prior to his death on December 30, 1949. Beginning in 1945, plaintiff purchased from the Agency various premium financing notes and conditional sales contracts executed by purchasers of insurance to the Agency or assigned to it. In addition, the Agency agreed to make the collections thereon and to remit the proceeds to plaintiff. The Agency's practice was to make the collections and to credit the proceeds to plaintiff's account; then, at irregular intervals after charging plaintiff's subsequent purchases to his account, it would either remit the balance or collect the difference from plaintiff. Plaintiff testified that the Agency had made collections on certain items owned by him and had not remitted the proceeds and that certain other items of commercial paper purchased by him from the Agency were forged.

On May 1, 1944, defendant A. P. Sell transferred his insurance agency located at Onamia, Minnesota, to the Agency and became an employe of the Agency in charge of its Onamia branch as part of an agreement with Rolien whereby Sell would receive 25 shares of stock in the G. E. Rolien Agency, Incorporated, a corporation to be formed by Rolien to take over the business of the Agency. Sell did not take part in the formation of the proposed corporation. In July or August, 1946, Sell received a stock certificate for 25 shares from Rolien and signed a stock receipt which was predated December 22, 1944. Sell testified that he remained an employe of the Agency until Rolien's death unaware that the corporation had not been formed.

On about September 30, 1944, defendant Abraham Geurkink met with Rolien, and at that time Geurkink signed articles of incorporation and a corporate record book which had been previously prepared by Rolien in connection with a prior abortive plan to incorporate the Agency. The minutes of the first meeting of the board of directors which were contained in the corporate record book included the election of Rolien as president and Abraham Geurkink as vice president and authorized Rolien as president to consummate agreements with the various insurance companies previously represented by the Agency. After signing these instru-

ments, Abraham Geurkink gave Rolien checks totalling $6,000 in payment of his and defendant Geurkink Brothers' stock subscriptions. On December 22, 1944, Rolien and Geurkink prepared stock certificates which were issued: One for 90 shares to Rolien and Geurkink Brothers and one for 15 shares to Abraham Geurkink. The Geurkinks were engaged in the cattle business at Pease, Minnesota, and carried considerable insurance with the Agency. Although it was understood that Rolien was to complete the incorporation, no further steps were taken with respect thereto. No assets or property were ever transferred to the corporation, and no change was made in the name of the Agency or in its contracts with the insurance companies.

Defendant Irene Johnson, an employe of the Agency, signed the articles of incorporation and the corporate record book at Rolien's request and received a stock certificate for ten shares on December 22, 1944, for which she paid nothing. This was the sole extent of her participation in the proposed corporation. She left the Agency's employ in 1949 prior to Rolien's death.

Defendant John Jirasek received two stock certificates in the proposed corporation from Rolien which were signed by Rolien alone. One, which was dated July 5, 1945, was for 15 shares, and the other, which was dated April 30, 1946, was for 5 shares. Jirasek testified that he had no knowledge of the corporation, that he intended the moneys he advanced to Rolien to be loans, and that he received irregular interest payments from Rolien.

After Rolien's death, defendant Abraham Geurkink, who testified that he was unaware that the incorporation had not been completed, was in the Agency office frequently in his supposed capacity as vice president of G. E. Rolien Agency, Incorporated. He then discovered that the corporation had not been formed, and subsequently, four to six weeks later, an audit revealed that the Agency was insolvent. Prior to the audit, he had a discussion with plaintiff in which he, Geurkink, stated that the Agency was not a corporation and that he guessed it was a partnership and, if so, plaintiff would not have to worry.

Defendants Sell and Geurkink Brothers filed claims in probate court against Rolien's estate which were allowed, but the estate was insolvent and they realized nothing therefrom. Plaintiff, without filing a claim in probate court, instituted the present action in the district court joining the representatives of Rolien's estate as party defendants.

■ The trial court dismissed plaintiff's action against defendants Abraham Geurkink, William Geurkink, Geurkink Brothers, A. P. Sell, Irene Johnson, and John Jirasek because it was of the opinion that the evidence wholly failed to establish a partnership relation between Rolien and any of these defendants. Plaintiff assigns this as error. Since there was no element of estoppel in the case, it was necessary for plaintiff to establish the partnership relation as a fact. Plaintiff's first contention is that the original plan of incorporation was abandoned and, subsequently, an agreement which expressly created a partnership or had the legal effect of creating a partnership was entered into by Rolien and these defendants. Plaintiff argues that since the proposed corporation was inactive almost five years, since defendants Sell and Johnson were employes of the Agency, and since defendant Geurkink Brothers carried insurance with the Agency, these defendants must have known of the failure to incorporate and therefore must have agreed on a partnership relation for carrying on the business of the Agency. But an unexplained interval of time under circumstances such as this does not, in itself, justify the foregoing inference, and there is a complete lack of other evidence to justify this conclusion.

Plaintiff also contends that defendant Abraham Geurkink's statement to plaintiff that it was not a corporation and so he guessed it was a partnership was an admission which was sufficient to charge defendants Abraham Geurkink, William Geurkink, and Geurkink Brothers with liability as partners. With this we cannot agree. Geurkink's remark was not a statement of fact based on the intentions of the parties but was simply a conclusion based on what he, a layman, thought was the applicable law. His erroneous opinion as to the existence of a partnership was not a sufficient basis on

which to predicate liability on the part of these particular defendants.

■ Plaintiff's second contention is that defendants are liable as partners as a matter of law because of their status as stockholders in a defective corporation which is neither *de jure* nor *de facto*. Although this question has been raised in prior cases,[2] this court has never passed upon the question, and, for the reasons hereinafter stated, we are of the opinion that a determination of this question is unnecessary in the instant case. The statement made by this court in Johnson v. Corser, 34 Minn. 355, 359, 25 N. W. 799, 801, applies with equal force here. The court there stated:

"* * * If it be conceded that the principle upon which the plaintiff relies exists and is applicable in cases where the business contemplated and carried on by the association, and the purposes for which it is prosecuted, are such as involve the essential elements of a partnership undertaking, or where the articles of association contain all that is essential to create a partnership,—*still the principle is not applicable to this case, in which those conditions do not exist.*" (Italics supplied.)

The record in the instant case discloses that on all material matters plaintiff dealt with G. E. Rolien personally, that the G. E. Rolien Agency, Incorporated, was completely dormant and carried on no business, and that, aside from the issuance of the stock certificates, no one attempted to use the corporate name or conduct business on its behalf prior to Rolien's death. We have searched the authorities and have found no case where this principle of unlimited personal liability has been applied unless at least one of the foregoing factors was present. We therefore conclude that the trial court's determination that the defendants as a matter of law

---

[2]Richards v. Minnesota Sav. Bank, 75 Minn. 196, 77 N. W. 822; Roberts Mfg. Co. v. Schlick, 62 Minn. 332, 64 N. W. 826; Finnegan v. Noerenberg, 52 Minn. 239, 53 N. W. 1150, 18 L. R. A. 778; Johnson v. Corser, 34 Minn. 355, 25 N. W. 799.

were not partners was correct. Cf. Farmers State Bank v. Kuchs, 163 Mo. App. 606, 147 S. W. 862.

■ Although plaintiff does not rely upon or cite M. S. A. 300.27, subd. 1(2), which imposes personal liability for corporate debts on stockholders if the corporation fails to comply substantially with the provisions as to organization and publicity, we are obliged to point out that this subdivision of the statute is not applicable where, as here, no act or action is taken by or on behalf of the proposed corporation. This conclusion finds support in the construction placed on a similar statute by the Iowa court in Kinney v. Bank of Plymouth, 213 Iowa 267, 236 N. W. 31.

■ The trial court dismissed the action against the representatives of Rolien's estate because of plaintiff's failure to comply with § 525.411 of the probate code which provides in part as follows:

"All claims against a decedent arising upon contract, whether due or not due, shall be barred forever unless filed in court within the time limited."

Section 525.431 provides that no action at law shall lie against a representative for the recovery of money upon any claim required to be filed by § 525.411.

Plaintiff contends that the dismissal as to the estate's representatives was error because none of the claims in question *arose upon contract*. An examination of plaintiff's complaint reveals that, with the exception of the four counts alleging the sale and delivery of forged instruments which hereinafter will be considered, all the remaining 14 counts in the complaint allege that the Agency collected certain items of commercial paper owned by plaintiff and wrongfully converted the proceeds thereof to its own use. Although these particular counts allege a cause of action based on tort which would not be barred by § 525.411, an examination of the record fails to disclose any evidence tending to prove a conversion. Plaintiff introduced evidence that the Agency had not remitted the specific funds in the past but had simply credited plaintiff's account with the funds collected and that it would then balance the account at

some later time. Since it appears that plaintiff acquiesced in this procedure, conversion did not lie. When the act relied on as the conversion is done with the knowledge and consent of the owner, there is no conversion. See, 4 Dunnell, Dig. (3 ed.) § 1931. Plaintiff made no showing that he had withdrawn his approval of this procedure or that the Agency was to remit the specific funds collected as to the items in question. Therefore each of these 14 claims was barred by § 525.411.

Although each of the four counts alleging the sale and delivery of forged instruments states a cause of action for fraud or deceit in which it is not necessary to proceed in the probate court, the record discloses that the only proof of fraud or deceit was with respect to the claims involving the Kuether and Jirasek notes. Accordingly, it was error for the trial court to dismiss these two claims against the representatives of Rolien's estate. See, Clark v. Gates, 84 Minn. 381, 87 N. W. 941; Klessig v. Lea, 158 Minn. 14, 196 N. W. 655. Since plaintiff's counsel stipulated at the trial that Rolien's estate was wholly insolvent and general creditors would realize nothing therefrom, it is probable that plaintiff was not materially prejudiced by this error on the part of the trial court. Nevertheless, plaintiff is entitled to a new trial against the representatives of Rolien's estate with respect to the two claims in question and, accordingly, there must be a reversal as to them.

Plaintiff's further assignments of error have been carefully considered but found to present no grounds for reversal. For the reasons previously stated the order appealed from should be affirmed as to defendants Abraham Geurkink, William Geurkink, Geurkink Brothers, A. P. Sell, Irene Johnson, and John Jirasek and should be reversed in part as to the representatives of Rolien's estate.

So ordered.

Mr. Justice Roger L. Dell, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.