**In the Matter of Daniel A. KAROL-EVITZ, Bankrupt.**

**No. 1519.**

United States District Court
D. Minnesota, First Division.

April 18, 1955.

George E. MacKinnon, U. S. Atty., and Keith D. Kennedy, Asst. U. S. Atty., St. Paul, Minn., for petitioner.

Lewis E. Solomon, St. Paul, Minn., for trustee.

DONOVAN, District Judge.

This is a companion case to In re Boyer, D.C., 130 F.Supp. 20. Many of the Court's observations in that case are applicable to the instant case, and need not be repeated.

The United States of America, herein referred to as petitioner, for the Farmers Home Administration, an agency thereof, seeks review of an order of the Referee in Bankruptcy dated June 8, 1954, assessing fees of the trustee and the Referee out of the proceeds of the

sale of certain mortgaged property. In this instance, however, it appears that after adjudication but before a trustee had been appointed, on petition of an officer of the United States,[1] a receiver was appointed to take possession of, care for and sell the chattels subject to the mortgage, and to retain the proceeds from that sale pending the further order of the bankruptcy court. On March 2, 1954, the receiver sold the chattels for less than the indebtedness due and paid the proceeds of the sale into the bankruptcy court. As of March 2, 1954, no trustee in bankruptcy had yet been appointed.

 No transcript was furnished for this review. The findings of the Referee will be sustained on the general equitable grounds set forth in the Memorandum Order filed by this Court in the Boyer case. For purpose of discussion, however, a few remarks may be in order in reference to the petitioner's assertion that the trustee should not be paid any fees out of the proceeds of a sale of property of a secured creditor because he did nothing in connection with the sale.

The answer to this contention is that the petitioner invoked the machinery of the bankruptcy court to sell this mortgaged property, thereby realizing the avails of the security in less time than if foreclosure sale had been resorted to. Under such circumstances the sale was with the "consent" of the petitioner.[2]

In the case of In re Barber, D.C.Minn., 97 F. 547, 554, the Court commented as follows:

"* * * Here the entire fund was obtained through the action of the court of bankruptcy, whose officers alone made the sale and administered the fund; * * *. The *mortgage was functionless in the proceeding*, except as it showed the extent of the rights and equities of the bondholders which were entitled to the protection of the court. * * Such sale, when agreed to by all the parties, was doubtless within the equity powers of the court of bankruptcy. Ex Parte Christy, 3 How. 292, 315. It enabled the mortgagees or bondholders to realize with greater speed the avails of the security than could have been done by foreclosure under the terms of the mortgage, and of the law under which the creditors might have acted. But *there is nothing in the law which excludes the referee from commissions upon dividends to any class of creditors from a fund obtained through the action of the court alone, and the services of its officers, when such action and services have been invoked by such creditors.* * *"

In the instant case the only funds in the estate, and therefore the only funds to be distributed, were derived as a result of the petitioner's request for a sale. A trustee was therefore necessary to distribute such proceeds. Inasmuch as no funds are available for his fee, it is consistent with equity to assess his and the referee's fees against the fund derived from a sale under the jurisdiction of the bankruptcy court.

On the basis of the record, the order of the Referee herein is in all things affirmed.

It is so ordered.

Petitioner may have an exception.

---

1. Petitioner asserts in its brief that none of the persons at whose instance this sale was had and who dealt with the Referee had the power or authority to bind the sovereign. This argument is not persuasive. In fact, it is opposed by conduct of the Government, describing in its brief "the officer of the United States" who sought the appointment of the receiver. The machinery invoked was obviously for the benefit of the sovereign.

2. The preferable view is that where the lienholder expressly or impliedly consents to a sale free of liens and irrespective of whether such sale brings less or more than enough to discharge the lien, the proceeds are chargeable with the reasonable costs thereby incurred. 4 Collier, 14th Ed. pages 1606–1610; Re Stephen R. Jackson & Co., D.C.Del., 82 F.Supp. 966, and In Re LaRowe, D.C.Minn., 91 F.Supp. 52, 54.