WILLIAM E. DOYLE, Circuit Judge.
 

 In this bankruptcy proceeding the two parties were competitors in the purchase of real estate from the bankrupt estate. The competitors were James R. Brackett and Roman Jacquez. There were a number of proceedings before the bankruptcy judge which had to do with authorizing and confirming sales. The important question in the case is whether a sale which was confirmed on September 27,1976 was a private sale or a public one. The bankruptcy judge set aside this sale and the appellant contends that he abused his discretion in so doing. Having given a thumbnail sketch of the proceedings and issues we now turn to the facts.
 

 
 *924
 
 On June 28, 1976 the Trustee in Bankruptcy for Squaw Pass Company, bankrupt, filed and obtained an order with respect to an application for immediate private sale without notice to creditors and without appraisal. The main purpose in obtaining this was to give an exclusive listing to the Moore Realty Company so that it could sell said real property of the bankrupt. The next day, June 29, 1976, the bankruptcy court entered an order allowing the trustee to sell at private sale in accordance with the terms of the application. Moore presented two offers to sell the property. One of these was from James Brackett, the appellant herein, for $63,000; the other was from Roman Jacquez for the sum of $66,000. It is to be noted that this offer of Jacquez had some contingencies attached to it. These involved the closing of another contract between Jacquez and a third party.
 

 Following receipt of these two offers of September 16, 1976 the trustee applied to the bankruptcy court for entry of an order for “public sale with notice to creditors and with appraisal.” The order of the court called for a special meeting of creditors for the purpose of public sale. The court set the date of the sale on September 27, 1976. Brackett was present at the meeting but Jacquez was not. The bankruptcy judge entered an order confirming a private sale to Brackett. Meanwhile a hearing involving the same estate had been set for October 4, 1976. At that meeting Mr. Jacquez protested the confirmation of the sale of September 27, 1976. Jacquez maintained that he had not had notice of the September 27 proceedings; that had he been given notice he would have cleared his offer of the contingencies that had been included on September 16,1976. The bankruptcy judge ruled that if Jacquez had been present at the public sale on September 27th there might have been a different result. Accordingly the court vacated the sale to Brackett in order that a public sale of the property could be held the following day. The sale was conducted by auction and at that sale Brackett and Jacquez appeared and were the sole bidders. Jacquez bid the amount of $86,500 for the property and the court executed an order confirming a public sale to him. Brackett’s high bid was $86,-000.
 

 The district court ruled that the second sale was invalid; this ruling was predicated on the court’s conclusion that a public sale had not been had since the public had not received notice.
 
 [1]
 
 The case was remanded to the bankruptcy court to consider the validity of the first sale (that was the first one to Brackett in the amount of $63,000). However, at this juncture Brackett was no longer seeking the property. Instead he claimed an equitable lien of the profits amounting to the difference between the $63,000 sale price and Jacquez’ $86,500 purchase price.
 

 On remand the bankruptcy court ruled that a public sale was required at the first sale and inasmuch as reasonable notice had not been given to the public the sale was invalid. The court further held that even if the first sale was a valid private sale, the bankruptcy court had not abused its discretion in setting it aside. But even if the sale was valid and was therefore improperly set aside, Brackett was not entitled to recover because he did not state a claim upon which he was entitled to relief.
 

 The issues presented by the appellant are as follows:
 

 1. The primary question is concerned with an allegation as to whether the first sale of the property was a public or private sale. (We are now referring to the sale to Brackett for $63,000). If the sale in question was public, the parties agree that the public was not given legal notice of the sale and therefore that sale was invalid. If a private sale was authorized, however, no public notice was required and the sale was valid.
 

 
 *925
 
 2. Even if there was a valid private sale the first time around there remains a question whether the bankruptcy court acted within its discretion in setting aside the sale.
 

 3. Assuming the first sale was a valid private sale and assuming that the bankruptcy court did abuse its discretion in setting it aside, there remains the question of whether appellant has a legal or equitable claim upon which relief can be granted.
 

 We are of the opinion that the sale of the property to appellant (for $63,000) was not a private sale; it was an invalid public sale. Accordingly the appellant’s claim has to be dismissed and the decision of the bankruptcy court affirmed. We regard this issue as dispositive of the case and hence it is not essential that the second and third issues be considered.
 

 The Question Whether the First Sale was a Private One.
 

 Under Rule 606(b) of the Rules of Bankruptcy Procedures the bankruptcy court is authorized to conduct either a public or private sale of the debtor’s property. We must ascertain whether the bankruptcy court intended that this property was to be sold by public or private sale. If a public sale was intended it is clear that the sale has to be held invalid inasmuch as the public was not given notice. Appellant argues that the sale was a valid private sale.
 

 We are called upon to consider the effect of certain forms that were employed. The first form is dated June 29, 1976 and titled “Application for Immediate Private Sale Without Notice to Creditors and Without Appraisal”. Section 2 of that form provides “that the property should be sold at private sale by means of [exclusive listing with Moore Realty * * * because this is the best means to sell the property for the best price]”. The non-bracketed portion shown above was printed; the bracketed portion was typed. Following the request for the entry of an order for immediate sale, which request was signed by the trustee, Judge Moore signed the printed form which stated “Ordered, that the trustee herein is authorized and directed to offer the property * * * at private sale * *
 

 Turning now to the second form which bears the date September 16, 1976, we find the title “Application for Public Sale With Notice to Creditors and With Appraisal”. Section 2 of that form contains the provision “the said property should be sold at public sale * because several offers have been received The trustee then signed a request for the entry of an order for public sale and Judge Moore proceeded to sign a paper entitled “Order for Public Sale and Notice of Special Meeting of Creditors”. That order goes on to state that a special meeting of creditors should be held for “purposes of public sale”.
 

 The third form, dated September 27,1976 is entitled “Report of Sale and Application to Confirm Sale” and provides that the property was “offered for sale at private sale made to James Brackett”, and that the said sale was confirmed. Judge Moore was fully aware and actually recognized that the trustee was careless in using form applications and orders which simply called for filling in blanks. Judge Moore also noted that the bankruptcy court had failed to assume its own responsibility to act with more precision. The Judge concluded, however, that regardless of the presence of confusion growing out of the use of inconsistent terms on the forms, a public sale had nevertheless been held for the following reasons:
 

 1.
 
 The first order,
 
 that of June 29, which allowed the trustee to sell at private sale was not an authorization to sell; it merely authorized the trustee to enter into an exclusive listing agreement with Moore Realty Company.
 

 2.
 
 The second order,
 
 for a special meeting of creditors required a public sale of the property and this was to be held in the courtroom. The court actually convened for purposes of the private sale pursuant to the September 16th authorization. The Judge said that there was full intention to hold a public sale.
 

 
 *926
 
 3.
 
 The third order
 
 which confirmed a private sale to Brackett contradicted the express order for public sale and therefore is at odds with the court’s order and should not be allowed to circumvent the court’s intent.
 

 On their face the forms fail to indicate an intention by the court that one form would prevail over another. The first one entered June 29th does more than authorize entry into an exclusive agency agreement. It specifically provides that the property is to be sold at private sale. On the other hand the second form does intend to authorize public sale (although the appellant contends that it does not). True the paper does not specifically “order a public sale.” It authorized an order to sell however, and is stated to be for purposes of public sale. In our view that language is sufficient to constitute an order for public sale. The third form is in direct opposition to the second form in that it confirms a private sale to appellant.
 

 The trustee’s position is that the first and third forms ordering and affirming a private sale were printed forms, whereas the second order for public sale was typed. It is argued that the typed materials prevail over the printed. We cannot agree with this. The bankruptcy court has to be held to the terms of its orders. It is not to be absolved of responsibility by virtue of choosing to use printed forms. This is not a contract between laymen. Rather it involves the orders of a highly important and respected court, part of the Federal judiciary.
 

 We are unable to determine the court’s intent by subsequent actions of the parties. The appellant contends that the bankruptcy court’s intention to conduct a private sale is evidenced by the trustee’s statement that he presented two offers to the court for the court’s choice. That fact coupled with the fact that no notice was given to parties other than creditors indicates, so it is argued, that a private sale was intended. Ap-pellee maintains with equal force that although inadequate attempts were made to give public notice that the trustee drew up the application for public sale and that this shows that a public sale was intended. Neither argument is persuasive. The actions which are tendered show the trustee’s intent, not the intent of the court. The court did sign the orders at the request of the trustee, but we cannot hold the court responsible for contrary subjective actions of the trustee. At the time in question the trustee was seeking to uphold the validity of the first sale and avoid holding a second sale. The trustee then indicated that he intended the sale to be private not public. The attorney for the trustee stated that “it was never the intention of the trustee to have a public sale.” This statement was made before Judge Moore on October 4, 1976. The attorney for the trustee also stated that when submitting the order for public sale “I felt we had submitted for a private sale.” It is to be concluded from the evidence in the record that the trustee did in fact intend to hold a private sale but this is not relevant. The pertinent rule, 606(b) leaves the determination as to whether to hold a public or private sale to the bankruptcy court. We must then determine what the court intended to order-was it a public or private sale.
 

 We look to the statements of the court during the proceedings. These were opened by the Judge on September 27th with this statement: “This hearing is a special meeting of creditors which has been convened for the purpose of conducting a public sale of the real property belonging to the Company” (p. 2 of the September 27th proceedings). In the October 4, 1976 proceedings, Judge Moore plainly stated that the September 27th sale was conducted as a public sale. (See pp. 36-37 of the October 4, 1976 transcript). In reaching this conclusion Judge Moore referred to the second order issued September 16th authorizing a public sale; he ignored the subsequent order confirming a private sale to appellant.
 

 Looking to the court’s language therefore it does appear that Judge Moore intended that the sale was to be a public one. This is to be concluded from the fact that at the beginning of the September
 
 *927
 
 27th proceedings the judge stated that he was conducting a public sale. There is no other source of information to determine the court’s intent in this matter. For this reason we are disposed to affirm the decision of the bankruptcy court that the September 27th sale was a public sale.
 

 We consider the conclusions contained above to be dispositive of the case. We have considered Points 2. and 3.; however, we refrain from including our views as to whether the bankruptcy court properly exercised its discretion in setting aside the first sale and denying the request of Brack-ett that an equitable remedy be fashioned.
 

 Accordingly, the judgment is affirmed.
 

 [1]
 

 . There was a second appeal to the district court following the October 5th sale but the district court judge did not consider the merits of the appellant’s contention. The appellant had indeed raised the issue of the validity of the first sale, contrary to the ruling of the district court, and was entitled to have a hearing. This is now moot.