HEANEY, Circuit Judge.
 

 This matter is an appeal from a district court order affirming the bankruptcy court. We reverse and remand.
 

 I.
 

 In Spring, 1977, Preferred Financial Corporation executed two agreements to lease a conveyor system and a telephone system to Halux, Inc. Preferred subsequently assigned both leases to Northwestern National Bank of St. Paul.
 

 On August 31, 1979, Halux filed a petition for bankruptcy under the Bankruptcy
 
 *215
 
 Act of 1938, 11 U.S.C. § 1
 
 et seq.
 

 [1]
 

 It continued to operate its business as a debt- or-in-possession of its assets. On September 26, 1979, pursuant to notice given by Halux, the first meeting between the debt- or and its creditors — including Northwestern — was held. On September 27, 1979, upon application by Halux, the bankruptcy court authorized a public auction sale. Ha-lux’s application did not refer to any property in which Northwestern had an interest. No written notice of the sale was sent by Halux to Northwestern or Preferred, and neither attended the auction sale. At the auction sale, the conveyor system was sold and the proceeds of $3,596.72 were paid to Northwestern. Halux left the telephone system in place when it vacated its building. The telephone system was subsequently dismantled,
 
 [2]
 
 and only partially returned. The bankruptcy court found that the value of the returned portion of the system was $250.
 

 On December 5, 1979, in response to the debtor’s petition, the bankruptcy court issued an order permitting Halux to reject the telephone and conveyor system leases. Subsequently, Northwestern filed a complaint with the bankruptcy court alleging breach of contract and conversion. The bankruptcy court held that Halux had not converted the leased property, that Northwestern was damaged in the amount of $24,286
 
 [3]
 
 by the breach of contract, and that this amount was subject to Halux’s Chapter 11 plan of arrangement. The district court affirmed the bankruptcy court judgment. Northwestern appeals to this Court seeking to recover the balance due under the leases less the amount received from the sale of the conveyor and claiming that this amount should not be subject to the plan of arrangement.
 

 II.
 

 An action for conversion will not lie when the taking is with the knowledge and consent of the owner.
 
 Halverson v. Geurkink,
 
 238 Minn. 371, 56 N.W.2d 793, 797 (1953). The bankruptcy court’s holding that Halux did not convert the leased telephone and conveyor systems was based on its finding that “[Northwestern] had knowledge of the auction sale but took no steps to remove its property or otherwise protect its interest.” This finding of fact is clearly erroneous.
 

 The Bankruptcy Act requires that ten-day written notice of the time and place of any proposed sale be given to creditors. 11 U.S.C. § 94(a)(4). Bankruptcy Rule 203(a) requires that the ten-day notice also include a general description of the property to be sold.
 

 Northwestern did not receive the written notice required by the Act. Ha-lux’s application for a public sale and the court order authorizing the sale did not refer to Northwestern’s property. The application and order only provided:
 

 The First National Bank of Anoka, a secured creditor having a security interest in all of the equipment, inventory and molds to be disposed of, shall consent to the sale on the following conditions * *.
 

 An auctioneer’s brochure prepared for the sale did include a description of the convey- or system, but Northwestern denies having seen the brochure prior to the sale. Halux does not contend that Northwestern had seen the brochure before the auction. Moreover, a brochure is intended to give notice to the public. Generally, the Act requires notice to creditors of a proposed sale and to the general public of the actual sale itself. Both must be given; notice to
 
 *216
 
 one alone is insufficient. 3 Collier on Bankruptcy § 58.09[4] (14th ed.).
 
 See In re Squaw Pass Co.,
 
 633 F.2d 923, 924 (10th Cir. 1980);
 
 Equitable Trust Co. of New York v. Vanderbilt Realty Improvement Co.,
 
 155 App.Div. 723, 140 N.Y.S. 1008, 1009 (1913).
 

 Despite the absence of written notice to Northwestern, the bankruptcy court found that the bank had actual knowledge of the auction sale of its property. When a creditor has actual knowledge of a proposed sale of property in which he has an interest, and makes no objection thereto, the creditor will be held to have impliedly consented to the sale regardless of the absence of written notice.
 
 In re Karolevitz,
 
 130 F.Supp. 24, 25 (D.Minn.1955);
 
 In re LaRowe,
 
 91 F.Supp. 52, 54 (D.Minn.1950).
 

 In
 
 In re Karolevitz, supra,
 
 130 F.Supp. at 25, and
 
 In re LaRowe, supra,
 
 91 F.Supp. at 54, however, the creditor conceded that he had actual knowledge of the sale. Conversely, here Northwestern denies any actual knowledge. Therefore, to rely on
 
 Karo-levitz
 
 and
 
 LaRowe,
 
 Halux must show some facts indicating Northwestern’s actual knowledge. Because Northwestern did not receive written notice of the proposed sale, the bankruptcy court’s finding of actual knowledge must be based on the discussions held at the initial creditors meeting on September 26, 1977.
 
 [4]
 
 Northwestern concedes that, at this meeting, Halux did discuss vacating its premises and having a public auction. But, each of Northwestern’s witnesses testified that no decision was reached at that time as to whether an auction would be held, when it would be held, what property would be sold or who would be the auctioneer. Moreover, the record contains no other evidence showing that the above details were discussed at the initial meeting between Halux and its creditors or at any other time.
 

 The Bankruptcy Act requires notice of a proposed auction sale in order to “safeguard the interests of creditors against * * collusive, fraudulent or otherwise improvident sales at inadequate prices.”
 
 In re Park Distributors, Inc.,
 
 176 F.Supp. 38, 41 (S.D.Cal.1959). In light of this protective purpose, the evidence of actual knowledge must be more substantial than the fact that at the initial creditors meeting the parties discussed in general terms the possibility of an auction sale at some undetermined future date. Because there is no more substantial evidence in the record, the district court’s finding that Northwestern had actual knowledge of the auction sale is clearly erroneous.
 

 In addition to its finding of actual knowledge, the bankruptcy court premised its holding that no conversion occurred on its finding that Northwestern had a duty to remove its property or otherwise protect its interest. This finding was erroneous. A debtor-in-possession
 
 [5]
 
 or a trustee, not the creditor, has the duty to protect and conserve the property in his possession for the benefit of creditors.
 
 [6]
 

 E.g., United States ex rel. Willoughby v. Howard,
 
 302 U.S. 445, 450, 58 S.Ct. 309, 312, 82 L.Ed. 352 (1938);
 
 Carson, Pirie, Scott & Co. v. Turner,
 
 61 F.2d 693, 694 (6th Cir. 1932);
 
 In re J. M. Fields,
 
 8 B.R. 638 (Bkrtcy. S.D.N.Y.1981);
 
 Chamberlain School,
 
 23 Collier’s Bankr. Cases 747 (D.Mass.1980).
 

 Because the court below found that Northwestern had knowledge of the auction sale, it did not reach the issue of whether the bank had otherwise established its con
 
 *217
 
 version claim. We remand to the district court for determination of this issue.
 
 [7]
 

 If Northwestern establishes that the leased property was converted by Halux, its damages are not subject to the debtor’s plan of arrangement.
 
 E. g., In re Endeco,
 
 1 B.R. 64 (Bkrtcy.D.N.D.1979);
 
 In re Richter,
 
 40 F.Supp. 758, 760 (S.D.N.Y.1941). Conversely, if the bank fails to show that its property was converted, its damages are subject to Halux’s plan of arrangement because the loss then resulted from a breach of executory contract. 11 U.S.C. § 753. 9 Collier on Bankruptcy ¶ 7.15[4.1] (14th ed.).
 

 Reversed and remanded for proceedings consistent with this opinion.
 

 [1]
 

 . Because this case was commenced prior to October 1, 1979, it is governed by the predecessor to the current Bankruptcy Code of 1978. All citations will be to the prior Act.
 

 [2]
 

 . The parties dispute whether the telephone system was dismantled by Halux or by unknown third persons.
 

 [3]
 

 .The $24,286 equals $27,535, the undisputed balance owing under the leases, less $3,189, a paid administrative expense claim.
 

 [4]
 

 . Halux conceded at oral argument that there were no oral conversations between itself and Northwestern or Preferred regarding an auction sale other than at the initial September 26, 1977 meeting.
 

 [5]
 

 . A debtor-in-possession of the property of the bankrupt’s estate holds those assets for the benefit of its creditors the same as does an appointed trustee or receiver. 11 U.S.C. § 742.
 

 [6]
 

 .Because we find that Northwestern had neither knowledge of the auction sale or a common law or statutory duty to protect the leased property, we need not reach its contention that Halux was contractually required under the leases to protect the conveyor and telephone
 
 *217
 
 systems and to obtain the bank’s consent before selling the equipment.
 

 [7]
 

 . Northwestern also claims that Halux’s failure to return the leased property when the leases were rejected is a breach of the debtor’s “fiduciary duty.” The bank did not present this theory of recovery in the courts below. Therefore, we need not consider this claim here.
 
 Skogen v. Dow Chemical Co., 375
 
 F.2d 692, 702 (8th Cir. 1967).